|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20cr1484-JLS |
| --- | --- |
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| TIMOTHY TAYLOR, | |
| Defendant. | |

WHEREAS, in the Information filed in this case, the United States sought forfeiture of all properties seized from Defendant TIMOTHY TAYLOR ("Defendant), pursuant to 21 U.S.C. § 853, as properties constituting or derived from proceeds of the offense and forfeiture of all properties used or intended to be used to commit or to facilitate the commission of the offense of 21 U.S.C. § 841(a)(1), as charged in the Information; and

WHEREAS, on or about April 5, 2021, the Defendant pled guilty to Counts 1 and 2 of the Information before Magistrate Judge Karen S. Crawford, which pleas included a consent and agreement by the Defendant to forfeiture of all properties seized in connection with the case including, but not limited to, **approximately $961.00 in U.S. Currency and approximately $177.00 in U.S. Currency**; and

WHEREAS, on April 30, 2021, this Court accepted Defendant's guilty pleas; and

//

//

WHEREAS, by virtue of the facts, admissions, and consent set forth in the Plea Agreement, the Court finds that the United States has established the requisite nexus between the forfeited properties and the offenses; and

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of said properties, pursuant to 21 U.S.C. §§ 853 and 881; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the factual admissions of the Defendant and his guilty pleas, the United States is hereby authorized to take custody and control of the approximately $961.00 in U.S. Currency and approximately $177.00 in U.S. Currency, and the Defendant has hereby forfeited to the United States all of his right, title, and interest to said properties pursuant to 21 U.S.C. §§ 853 and 881 for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. The approximately $961.00 in U.S. Currency and approximately $177.00 in U.S. Currency are to be held by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the

United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

Dated: December 9, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge